1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ROGER E. CHAVEZ,                    No. C-14-2636 TEH (PR)

                    Petitioner,

                                    ORDER OF DISMISSAL

          v.

KEVIN R. CHAPPELL, Warden,

                    Respondent.

_____/

      Petitioner, a California prisoner proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  The petition challenges a decision by the California Board of Parole Hearings ("Board") to deny his application for an expedited parole hearing.  Petitioner has paid the $5.00 filing fee.

I

      Petitioner was convicted of second-degree murder in 1993 and sentenced to a term of sixteen years to life in state prison.  In 2010, he had his third parole hearing, and the Board decided that he was not suitable for parole and that it would hold his next parole hearing in seven years.  In 2013, petitioner applied to advance his next parole hearing, but the Board denied that application.  The Board's decision was unsuccessfully appealed to all three levels of the California courts.

United States District Court

For the Northern District of California

1

II

2

A

3   This court may entertain a petition for writ of
4   habeas corpus "in behalf of a person in custody pursuant to
5   the judgment of a State court only on the ground that he is in
6   custody in violation of the Constitution or laws or treaties
7   of the United States."  28 U.S.C. 2254(a); Rose v. Hodges, 423
8   U.S. 19, 21 (1975).  Habeas corpus petitions must meet
9   heightened pleading requirements.  McFarland v. Scott, 512
10  U.S. 849, 856 (1994).  An application for a federal writ of
11  habeas corpus filed by a prisoner who is in state custody
12  pursuant to a judgment of a state court must "specify all the
13  grounds for relief which are available to the petitioner ...
14  and shall set forth in summary form the facts supporting each
15  of the grounds thus specified."  Rule 2(c) of the Rules
16  Governing Section 2254 Cases, 28 U.S.C. foll. 2254.

17      "'[N]otice' pleading is not sufficient, for the
18  petition is expected to state facts that point to a 'real
19  possibility of constitutional error.'"  Rule 4 Advisory
20  Committee Notes (quoting Aubut v. Maine, 431 F.2d 688, 689
21  (1st Cir. 1970)).

22

B

23      Petitioner claims that the Board violated due process
24  when it denied his application to advance his parole hearing
25  without providing a reason for the denial.  The state courts
26  rejected this claim.

27      The Court first notes that the exhibits to the

28

2

United States District Court

For the Northern District of California

1  petition show that the Board did provide a reason for the

2  denial.  See Petition, Dkt 1-3 at 8 (Board's denial stating

3  "after conducting a review of the case factors and considering

4  the new information or change in circumstances, the prisoner

5  did not establish a reasonable likelihood that consideration

6  of the public and victim's safety does not require additional

7  incarceration.")  The state superior court, in denying

8  petitioner's state petition, found the Board's denial was

9  supported by evidence.  See Petition, Dkt. 1-7 at 2-10.

10       Further, a district court may not grant a petition

11  challenging a state conviction or sentence on the basis of a

12  claim that was reviewed on the merits in state court unless

13  the state court's adjudication of the claim:  "(1) resulted in

14  a decision that was contrary to, or involved an unreasonable

15  application of, clearly established Federal law, as determined

16  by the Supreme Court of the United States; or (2) resulted in

17  a decision that was based on an unreasonable determination of

18  the facts in light of the evidence presented in the State

19  court proceeding." 28 U.S.C. 2254(d).  Petitioner cites no

20  federal law, let alone any Supreme Court precedent, and the

21  Court is aware of none, providing that a parole board's

22  decision to deny an inmate's request to advance a scheduled

23  parole hearing implicates federal constitutional rights.

24  There is federal authority that due process is implicated by a

25  board's decision to deny parole itself.  See, e.g., McQuillon

26  v. Duncan, 306 F.3d 895, 902 (9th Cir. 2002), overruled on

27  other grounds by Swarthout v. Cooke, 131 S. Ct. 859 (2011).

28

3

**United States District Court**
For the Northern District of California

1  None of these decisions apply to a board's decision not to

2  advance a scheduled hearing, however.

3       Petitioner also claims that the state superior court

4  abused its discretion in denying petitioner's state petition

5  for writ of habeas corpus challenging the same denial of his

6  application to advance his parole hearing.  Again, in none of

7  these claims does petitioner assert that his rights under the

8  United States Constitution or laws of the United States were

9  violated.  The claims present only issues of state law,

10  violation of which is not a basis for federal habeas relief.

11  See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991); Cooke, 131

12  S. Ct. at 861-62.

13                        III

14       In light of the foregoing, the petition for a writ of

15  habeas corpus is DISMISSED.  Petitioner has failed to make a

16  substantial showing that a reasonable jurist would find this

17  Court's denial of his claim debatable or wrong.  Slack v.

18  McDaniel, 529 U.S. 473, 484 (2000).  Consequently, no

19  certificate of appealability is warranted in this case.

20       The Clerk shall enter judgment and close the file.

21  IT IS SO ORDERED.

22

23  DATED    _08/04/2014_                      _____

24                                   THELTON E. HENDERSON
                                     United States District Judge

25

26

27  G:\PRO-SE\TEH\HC.14\Chavez 14-2636 Dismiss.wpd

28                        4